**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 09-1355-02-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Xochitl Padilla-Barron, | ) | |
| Defendant. | ) | |

By order of August 22, 2011, Mr. Jameson Johnson, also known as Jimmy Carroll Johnson, was barred from providing any further services under the Criminal Justice Act in this case. By previous order of August 9, 2011, the Court gave notice to Mr. Johnson of that possibility and invited him to respond by August 19, 2011. The Court caused the August 9, 2011 order to be hand-delivered to an attorney who was believed to be representing Mr. Johnson. That attorney filed a sealed notice the next day stating that he did not represent Mr. Johnson but that he had provided Mr. Johnson a copy of the August 9, 2011 order by email on August 10, 2011.

Mr. Johnson has sent to the Court a letter with attachments, dated August 24, 2011, and received electronically by the Court on September 7, 2011. Among other things, the letter asserts that Mr. Johnson did not learn of the August 9, 2011 order until August 19, 2011, though he had heard about it before. This conflict in evidence about when Mr. Johnson received the August 9, 2011 order need not be resolved, because the Court has fully

considered Mr. Johnson's letter as though it were filed on time. The letter does not change anything in the August 22, 2011 order.

Mr. Johnson's letter received September 9, 2011, addresses matters not directly pertinent to this Court's August 9 and 22, 2011 orders. Therefore, the letter in its entirety need not be filed in the public record. Mr. Johnson says the following that is directly pertinent:

> Even if the allegations before the court were accepted as true, it would be obvious that after the alleged criminal sanctions, I have lead the life consistent with the sentencing goals of any court. No hint of criminal activity has been alleged since the early 1990s.
>
> As Your Honor is aware, the Criminal Justice Act contains no criteria whatsoever for selection of non-lawyer appointees. While a recent order has been issued requiring licenses for court appointees, none exists for mitigation specialists in Arizona. Mitigation merely serves to facilitate witness testimony to tell the Court in a coherent fashion. I do not provide opinions or offer testimony. Nothing in the recent order or in the Criminal Justice Act itself precludes a convicted felon from an appointment.
>
> I neither confirm nor deny the veracity of the representations made against me at this time. As I have stated, I am actively seeking witnesses and documentation that may enlighten the court. I have certainly never represented to *anyone*, that I am a convicted felon. I continue to seek records and witnesses that will fully inform the Court in this matter.
>
> It is my sincere hope that this Court will reconsider its decision in the Padilla-Baronne matter. At the very least, the August 22 order should be sealed nunc pro tunc to prevent prejudice; not just to Ms. Padilla-Baronne, but to all criminal defendants in the Arizona District Court.

Mr. Johnson's letter does not dispute that he is the person in the two judgments of criminal conviction attached to the August 9 and 22, 2011 orders. He does not dispute that he did not inform the Court or Defendant's counsel of that.

IT IS THEREFORE ORDERED that the Clerk file Mr. Johnson's electronic letter received September 9, 2011, under seal.

- 2 -

IT IS FURTHER ORDERED that, treating Mr. Johnson's letter as a request to reconsider or seal the order of August 22, 2011, it is denied in both respects.

DATED this 20th day of September, 2011.

Neil V. Wake
United States District Judge